**BRADLEY & BROWN**
*Attorneys at Law*
6780 N. West Ave.
Suite 102
Fresno, CA 93711

**Peter Sean Bradley, Esq**.
SBN #109258
Tel: (559) 960-5613
petersean@aol.com

**Laura Elizabeth Brown, Esq**.
SBN #306035
Tel: (559) 862-8633
laura@lauraebrown.com

*Attorneys for Plaintiff
Nevaeh Garcia,*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVAEH GARCIA, | Case No.: 1:25-cv-01096-JLT-SKO |
| Plaintiffs, | SECOND AMENDED COMPLAINT[1] |
| v. | Jury Trial Requested |
| FRESNO UNIFIED SCHOOL DISTRICT, VICE PRINCIPAL WILLIAMS, | Complaint Filed: January 20, 2025
Removal Date: August 28, 2025
Trial Date: TBD |
| Defendants. | |

## I.  BACKGROUND ALLEGATIONS
### NATURE OF THE ACTION

1. This is an action by a FRESNO UNIFIED SCHOOL DISTRICT ("FUSD") student for injunctive relief and damages based on a violation of her First Amendment

---

[1] The First Amended Complaint reflected plaintiff's majority in eliminating procedural allegations regarding a guardian ad litem. This Second Amended Complaint procedurally clarifies that Defendant Williams is not alleged to be a defendant in certain causes of action. This SAC also changes the caption to reflect the venue in federal court and eliminated the Doe Defendant allegations and made minor corrections to the pleadings as set forth in bold.

1
Second Amended Complaint

rights, resulting in a suspension being placed in her permanent record and remaining there despite representations by FUSD representatives that the suspension record would be removed.

## ADMINISTRATIVE EXHAUSTION

2. Plaintiffs provided timely and complete notice of government claim to FUSD on June 12, 2024. FUSD denied said claim on or about July 26, 2024.

3. Plaintiffs filed a timely complaint against FUSD pertaining to the allegations in the present case with the Civil Rights Department ("CRD") (formerly the Department of Fair Employment and Housing ("DFEH.") Plaintiff has been provided with a right to sue from the CRD which encompasses the claims made in the present complaint.

## THE PARTIES

4. Plaintiffs are informed and believe and thereon alleges that the FUSD is **a governmental** entity organized and existing under the laws of the State of California, with its principal place of business in Fresno County in the State of California..

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each defendant was the agent, servant and employee of each of the remaining defendants, and that in doing the things herein alleged said defendants were acting within the course and scope of said agency, service and employment. Additionally, plaintiff is informed and believes and thereon alleges that relevant herein alleged each defendant was acting pursuant to the custom and policy of defendants, and that the acts and conduct of defendants alleged herein were authorized, ratified, and/or approved by defendants and its agents and employees vested with the authority to exercise final decision-making authority for defendants.

6. Plaintiff turned 18 years of age on May 20, 2025.

## VENUE

7. FUSD operates a public school system in Fresno County. Nevaeh Garcia ("Garcia") was a student at FUSD's Edison and Bullard high school campuses when the acts alleged herein occurred. The acts and omissions occurred in Fresno County.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. On June 12, 2024, Plaintiff presented a government claim to Fresno Unified School District ("FUSD") on the claims set forth in this complaint. FUSD rejected the claim on July 26, 2024.

**FACTUAL ALLEGATIONS**

9. Defendant FUSD is a governmental entity, which, inter alia, operates a public school system in the County of Fresno.

10. During the 2022-2023 school year, Garcia was a sophomore at Edison High School. On January 15, 2023, Garcia made a video on Instagram while in her home during non-school hours. Garcia's video did not mention any person at Edison. In this video, she asked, "If I said some of the stuff that blacks have said to me, I would be racist. Like you can say this, "cracker." This has been bothering me all day. But can't say this "nigga." Has been bothering me all day. Like ok. I can't say that?"

11. Garcia believed that she was asking a real question about a double standard concerning the use of language. Garcia had regularly observed that African-American students constantly used racial slurs to refer to non-African American students and that the term "nigga" was used regularly in rap songs that students would recite at school.

12. On January 15, 2023, two students contacted Garcia via Instagram to say that they did not want to be her friend anymore, that they needed to distance themselves, and that Garcia should reflect on her action. Five days later, another student also contacted Garcia on Instagram to unfriend Garcia while saying that she did not understand why Garcia was say the word "nigga."

13. On January 20, 2023, a student sent Garcia a video that incorporated Garcia's video with a KKK member. This video was circulated among Edison students on social media. Edison teacher Ryan Preheim was shown the video by a student. Preheim did not tell students who were watching the video to put their phones away. Preeim did not report the incident to Edison.

14. On January 24, 2023, Garcia went to the office at Edison to inform the administration about the video associating her with the KKK. Garcia spent ten to fifteen

minutes trying to explain the situation to a female Vice Principal in the office. When the Vice Principal said that she had to handle something after answering a phone call with the statement, "Here goes my life; I have a student here," the Vice Principal told Garcia to speak to another person. When Garcia attempted to explain her situation to another administrator, she was told to leave the office and sit in a chair. Garcia was directed to speak to Vice Principal Williams ("Williams"). Williams met with Garcia in the company of a school police officer. Garcia explained the situation. The police officer asked for the names and accounts that were reposting the video and said he would "keep an eye out" for her at school. Williams told Garcia to wait in the office lobby and wait. Williams instructed Garcia not to text or call anyone. Garcia waited in the lobby from 8:15 am to 1 pm.

15. Around 1 pm, Williams called Garcia back into his office and said that Garcia was being suspended. Garcia asked why. Williams said it was because of the "negative impact you have had on this school." Williams said he would give Garcia an example and said "if a company employee made a video like yours, it would result in termination of that person because of how it made the company look."

16. Garcia was shocked and surprised by this. She was confused about why she was being punished. Williams showed no sympathy to her as she cried. Instead, he left her sitting as he stared at her. Williams told Garcia to sit in the lobby until she was picked up. Garcia was suspended without an explanation of her wrongdoings. Garcia was excused only to use the nurse's bathroom. She was not allowed to go to classes that day or leave the office. She was not offered breakfast or lunch and was kept isolated during the day. Garcia was picked up by her grandmother in the afternoon.

17. On January 24, 2024, Teacher Shue Vang sent Garcia a screenshot of an email that went out to Edison staff regarding her suspension to a group chat with several students.

18. Garcia was on home suspension on January 24, 2023 through January 25, 2023.

4
Second Amended Complaint

19. On January 25, 2023, Garcia was told by a student that she could not attend her winter percussion practice for two weeks because of the suspension. Garcia spoke to the teacher Joshua Ompad about why she had received an email from a student and not a staff member. Garcia understood that her suspension was not being treated with confidentiality.

20. On January 25, 2023, Garcia and Joanna Henry ("Henry") attended a FUSD Board meeting to speak about the matter. Board Member K. Thomas said that he was "batting" for Garcia because her son had experienced something similar and would support Garcia, especially at school. Exiting the podium, a man named Gomez escorted Garcia and Henry to a private room where he asked questions about the situation. He noticed that Garcia was a straight A student and had never been in trouble. He gave his word that he would overturn the suspension as it was unlawful and against school policy. Gomez introduced himself as an administrator at FUSD. K. Thomas also entered the room. After a discussion where Thomas said that she would support Garcia, she gave Garcia her cell number. Thomas came to Garcia's Spanish class the next day.

21. Between January 26, 2023 and February 3, 2023, Garcia received several threats. Henry called Edison administration to speak with them but was brushed off. After threatening to go to the media, Henry spoke to the principal who said that Garcia would be protected.

22. On February 3, 2023, in 4th period Chemistry, Garcia's class had a substitute. Three girls sitting in the class began to chant "Racist Bitch" at Garcia. Garcia offered to discuss the issue, but the girls continued to chant and harass Garcia. The substitute called the office, and Garcia was removed from class and escorted to Vice Principal Blanco.

23. In late February 2023, a female Vice Principal asked to speak to Garcia in a private room. Another woman sat in on the conversation. The woman apologized for a statement by the female Vice Principal about "Here goes my life; I have a student here." The female Vice Principal said that the apology was to clear her name. The female vice principal did not ask how Garcia was doing.

24. Garcia was supposed to receive social-emotional counseling after the incident but only had one session because of the failure of the social-emotional counselor to schedule appointments.

25. On January 23, 2024, Garcia received a text from a friend who told her that during class, Edison teacher Mr. Preheim's 4th period, Mr. Preheim explained that because a white girl named "Nevaeh Garcia" had posted a video the previous year about why she couldn't say the "N word." The teacher said that the class had gotten in trouble for it. This was not true – the class had not gotten into trouble and the video was not about her not being able to say the "N word" but about why there was a double standard. The teacher further said that Garcia had made the video in his class and it was for that reason that now students were not allowed to record on their phones. Again, this was not true. Plaintiff is informed and believes and thereon alleges that this teacher was acting within the course and scope of his duties in making these statements.

26. On February 13, 2024, Garcia transferred from Edison to Bullard High School.

27. At Bullard High School, Garcia learned that her suspension remained on her student permanent file. Garcia and Henry had believed that the suspension had been removed based on what they were told by representatives of FUSD on the night they went to the Board Meeting.

## II. FIRST CAUSE OF ACTION – DEFAMATION AGAINST DEFENDANT FUSD ONLY

28. Plaintiff incorporates each and every allegation contained in the Background Allegations by this reference. **This cause of action is pled against Defendant FUSD only.**

29. On or about January 23, 2024, an employee of Defendant FUSD falsely told a class of Edison High School students that Plaintiff Garcia had posted a video (a) about not being able to say the "N word" (b) which resulted in a class getting in trouble, (c) that the video had been recorded in the teacher's class and (d) the result of this conduct was the reason the class could not record on their phones. These statements were false and implied

that Plaintiff was a racist and that her racism had caused other Edison students to be punished. The gist of the false statement held Plaintiff up to obloquy and ridicule among Edison High School students and re-asserted the false implication that Plaintiff was a racist. Plaintiff is informed and believes and thereon alleges that this teacher was acting within the course and scope of his duties in making these statements.

30.     As a proximate result of this defamation, Plaintiff suffered damage to her reputation, risk of physical injury, and emotional distress.

### III.     SECOND CAUSE OF ACTION – INVASION OF PRIVACY AGAINST DEFENDANT FUSD ONLY.

31.     Plaintiff incorporates each and every allegation contained in the Background Allegations by this reference. **This cause of action is pled against Defendant FUSD only.**

32.     On or about January 23, 2023, an employee of Defendant FUSD shared with a class of Edison High School students that Plaintiff had engaged in conduct that Edison High School had deemed to violate its rules. This statement disclosed Plaintiff's disciplinary history to individuals who had no need to know this information. In addition, Plaintiff's disciplinary history Plaintiff is informed and believes and thereon alleges that this teacher was acting within the course and scope of his duties in making these statements.

33.     The Education Code provides that student records are ordinarily not available to the general public. "A school district is not authorized to permit access to pupil records to any person without written parental consent or under judicial order" except in certain situations not relevant here. (Education Code § 49076; *Rim of the World Unified School Dist. v. Superior Court* (2002) 104 Cal.App.4th 1393, 1396; See also 20 U.S.C. § 1232g. In releasing information about Plaintiff's disciplinary history, defendant's employee **violated** state and federal law.

34.     As a proximate result of this invasion of privacy, Plaintiff suffered damage to her reputation, risk of physical injury, and emotional distress.

7
Second Amended Complaint

## IV. THIRD CAUSE OF ACTION – DENIAL OF DUE PROCESS PURSUANT TO 42 USC §1983 AGAINTS ALL DEFENDANTS.

35. Plaintiff incorporates each and every allegation contained in the Background Allegations by this reference. **This cause of action is pled against all defendants.**

36. Education Code §4890 provides that a pupil shall not be suspended unless the superintendent of the school district or the principal of the school in which the pupil determines that the pupil has committed an offense enumerated in Education Code §48900 (a) – (r). None of the enumerated offenses applied to Plaintiff.

37. Education Code §48907 provides that "Pupils of the public schools, including charter schools, shall have the right to exercise freedom of speech…."

> (a) Pupils of the public schools, including charter schools, shall have the right to exercise freedom of speech and of the press including, but not limited to, the use of bulletin boards, the distribution of printed materials or petitions, the wearing of buttons, badges, and other insignia, and the right of expression in official publications, whether or not the publications or other means of expression are supported financially by the school or by use of school facilities, except that expression shall be prohibited which is obscene, libelous, or slanderous. Also prohibited shall be material that so incites pupils as to create a clear and present danger of the commission of unlawful acts on school premises or the violation of lawful school regulations, or the substantial disruption of the orderly operation of the school.

38. Plaintiff's speech did not use school facilities or means that were financially supported by the school and did not occur at the school.

39. Nonetheless Plaintiff was suspended by Vice Principal Williams. In suspending Plaintiff, said individual knew that they were violating Plaintiff's due process rights as set forth in Education Code §4890 as limited by Education Code §48907.

40. Plaintiff explained to the Board of Education the particular facts that constituted the violation of her due process rights. With such knowledge, the Board approved of the decision of Vice Principal Williams and ratified that decision and the basis for it by approving the suspension and leaving the suspension on her record.

41. As a proximate result of Defendants' denial of Plaintiff's due process, Plaintiff suffered damage to her reputation, infringement of her constitutional rights, and emotional distress.

42. **Plaintiff is entitled to expungement of her records regarding her suspension and other penalties imposed on her because of her exercise of her First Amendment rights.**

43. Plaintiff is entitled to recover the attorney's fees and costs she incurs in this action pursuant **to federal law**.

## V. FOURTH CAUSE OF ACTION – RETALIATION FOR EXERCISE OF FREE SPEECH RIGHTS UNDER FIRST AMENDMENT (42 USC §1983) AGAINST ALL DEFENDANTS.

44. Plaintiff incorporates each and every allegation contained in the Background Allegations by this reference. **This cause of action is pled against all defendants.**

45. Education Code §4890 provides that a pupil shall not be suspended unless the superintendent of the school district or the principal of the school in which the pupil determines that the pupil has committed an offense enumerated in Education Code §48900 (a) – (r). None of the enumerated offenses applied to Plaintiff.

46. Education Code §48907 provides that "Pupils of the public schools, including charter schools, shall have the right to exercise freedom of speech…."

> (a) Pupils of the public schools, including charter schools, shall have the right to exercise freedom of speech and of the press including, but not limited to, the use of bulletin boards, the distribution of printed materials or petitions, the wearing of buttons, badges, and other insignia, and the right of expression in official publications, whether or not the publications or other means of expression are supported financially by the school or by use of school facilities, except that expression shall be prohibited which is obscene, libelous, or slanderous. Also prohibited shall be material that so incites pupils as to create a clear and present danger of the commission of unlawful acts on school premises or the violation of lawful school regulations, or the substantial disruption of the orderly operation of the school.

47. Plaintiff's speech did not use school facilities or means that were financially supported by the school and did not occur at the school.

48. Nonetheless Plaintiff was suspended by Vice Principal Williams. In suspending Plaintiff, said individual knew that they were violating Plaintiff's due process rights as set forth in Education Code §4890 as limited by Education Code §48907.

49. Plaintiff explained to the Board of Education the particular facts that constituted the violation of her due process rights. With such knowledge, the Board approved of the decision of Vice Principal Williams and ratified that decision and the basis for it by approving the suspension and leaving the suspension on her record.

50. As a proximate result of Defendants' denial of Plaintiff's due process, Plaintiff suffered damage to her reputation, infringement of her constitutional rights,, and emotional distress.

51. Plaintiff is entitled to expungement of her records regarding her suspension and other penalties imposed on her because of her exercise of her First Amendment rights.

52. Plaintiff is entitled to recover the attorney's fees and costs she incurs in this action pursuant **to federal law.**

## VI. FIFTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE I, §31 AGAINST DEFENDANT FUSD ONLY.

53. Plaintiff incorporates each and every allegation contained in the Background Allegations by this reference. **This cause of action is pled against Defendant FUSD only.**

54. California Constitution Article I, Section 31 provides in relevant part:

a) The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting.

55. "State" includes school districts. (Article I, Section 31(a).

56. In suspending Plaintiff for asking a question about why it was acceptable to say derogatory words about one race but not another race, FUSD discriminated against Plaintiff and/or or granted preferential treatment to one racial group compared to other

racial groups in violation of the California Constitution. Likewise, in failing and refusing to protect Plaintiff from threats and harassment because of her question, FUSD discriminated against Plaintiff on the basis of race.

57. As a proximate result of Defendants' denial of Plaintiff's due process, Plaintiff suffered damage to her reputation, infringement of her constitutional rights, and emotional distress.

## VII. JURY TRIAL REQUESTED

Plaintiff requests jury trial.

Wherefore Plaintiff prays judgment as follows:
1. For compensatory damages according to proof;
2. **For expungement of derogatory information in school records;**
3. For attorney's fees as alleged herein;
4. For interest pursuant to the legal rate;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court deems proper.

Dated: October 3, 2025                                   Bradley & Brown

By: *Peter Sean Bradley*
_____
Peter Sean Bradley

# PROOF OF SERVICE

**State of California County of Fresno**

At the time of service, I was over 18 years of age and not a party to this action. I reside the County of Fresno, State of California. My business address is 6780 N. West, Suite 102, Fresno CA 93711.

On October 3, 2025, I served true and correct copies of the following documents described as:

Second Amended Complaint

on the interested parties in this action as follows:

Bruce J. Berger, SBN 133320
Joshua D. Milton, SBN 324982
BERGER MILTON, INC.
2147 Herndon Avenue
Suite 103
Clovis, California 93611
Voice:   (559) 326-7914
FAX:     (559) 533-0428
Email: bruceb@bergermilton.com;
           joshuam@bergermilton.com

*Attorneys for Defendant, FRESNO UNIFIED SCHOOL DISTRICT and VICE PRINCIPAL WILLIAMS*

By CM/ECF NOTICE OF ELECTRONIC Filing: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on October 3, 2025, at Fresno California.

/s/Peter Sean Bradley
_____
Peter Sean Bradley