Bruce J. Berger, SBN 133320
Joshua D. Milton, SBN 324982
**BERGER MILTON, INC.**
2147 Herndon Avenue
Suite 103
Clovis, California 93611
Voice: (559) 326-7914
FAX:  (559) 533-0428
Email: bruceb@bergermilton.com;
joshuam@bergermilton.com

Attorneys for Defendant, FRESNO UNIFIED SCHOOL DISTRICT and Thomas Williams (sued herein as VICE PRINCIPAL WILLIAMS)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVEAH GARCIA,<br><br>               Plaintiff,<br><br>vs.<br><br>FRESNO UNIFIED SCHOOL DISTRICT, VICE PRINCIPAL WILLIAMS, and DOES 1 through 25, inclusive,<br><br>               Defendants. | Case No.: 1:25-cv-01096-JLT-SKO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT FRESNO UNIFIED SCHOOL DISTRICT TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT [Fed.R.Civ.P. 12(b)(6)]**<br><br>Complaint Filed: January 20, 2025<br>Removal Date: August 28, 2025<br>Trial Date: TBD<br><br>Judge: Hon. Jennifer L. Thurston<br>Date: November 21, 2025<br>Time: 9:00 a.m.<br>Courtroom: 4, 7th floor |

**I.     INTRODUCTION.**

This case arises out of various alleged civil rights violations and reputational injury allegedly perpetrated by Defendants Fresno Unified School District ("FUSD"), Thomas Williams (sued herein as VICE PRINCIPAL WILLIAMS) (collectively, "Defendants") and other individuals against Plaintiff Naveah Garcia, then a student at Edison High School, a school operated by FUSD.

Plaintiff filed her original Complaint on January 20, 2025, and her First Amended Complaint ("FAC") on May 23, 2025, both in Fresno County Superior Court. Defendants were served

1

Garcia v. Fresno Unified School District, et al.
Eastern District of California (Fresno Division) Case No.: 1:25-cv-01096-JLT-SKO
**Memorandum of Points and Authorities in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint [Fed.R.Civ.P. 12(b)(6)]**

1  with a summons and the FAC on July 29, 2025, and this matter was removed to this Court on August 28,
2  2025.
3      Per leave of this Court granted by order dated September 4, 2025, Plaintiff filed her
4  Second Amended Complaint ("SAC") on October 3, 2025. The SAC is styled as five causes of action
5  for: (1) Defamation (against FUSD only); (2) Invasion of Privacy (against FUSD only); (3) Denial of
6  Due Process Pursuant to 42 U.S.C. § 1983 (against all defendants); (4) Retaliation for Exercise of Free
7  Speech Rights Under First Amendment (42 U.S.C. § 1983) (against all defendants); and (5) Violation of
8  California Constitution Article I, § 31 (against FUSD only).
9      By this Motion, Defendant FUSD seeks dismissal of Plaintiff's Second and Fifth Causes
10 of Action against Defendant FUSD under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which
11 relief may be granted.

## II.   LEGAL ARGUMENT.

### A.   Plaintiff's Second Cause of Action for Invasion of Privacy accrued in 2023 and is time-barred under the Government Claims Act.

"The California Tort Claims Act [Cal. Gov't Code §§ 900 et seq.] requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." [*Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield* (1983) 145 Cal. App. 3d 861, 193).] "Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer." [*Id*.]

Cal. Gov't Code § 911.2 provides, in relevant part:

> (a) A claim relating to a cause of action for death or for injury to person or to personal property … shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action…

Cal. Gov't Code § 911.4 provides, in relevant part:

> (a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim.

2

Garcia v. Fresno Unified School District, et al.
Eastern District of California (Fresno Division) Case No.: 1:25-cv-01096-JLT-SKO
**Memorandum of Points and Authorities in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint [Fed.R.Civ.P. 12(b)(6)]**

(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application.

In some cases, the accrual of a cause of action in tort is delayed until the plaintiff discovers, or should have discovered, the factual basis for the claim. [*Shively v. Bozanich* (2003) 31 Cal.App.4th 1230, 1248.] The discovery rule has been applied in cases of libel where the defamatory statement is hidden from view and the plaintiff has no access to or cause to seek access to the statement. [*Id.*, at page 1249.] However, a cause of action accrues when the plaintiff suspects or should suspect his or her injury was caused by wrongdoing, that someone has done something wrong to him or her, and it is not necessary that the plaintiff know the exact manner in which the injuries were effected. [*Burdette v. Carrier Corp.* (2008) 158 Cal.App.4th 1668, 1692.]

Here, Plaintiff alleges on January 23, 2023, her "disciplinary history was disclosed to individuals who had no need to know this information." [SAC, ¶ 32.] Plaintiff also alleges she was suspended from school on January 24, 2023 [SAC, ¶¶ 14, 15], and that on January 25, 2023, Plaintiff understood her suspension was not being treated with confidentiality [SAC, ¶ 19]. Thus, it was on January 25, 2025, at the latest that Plaintiff suspected or should have suspected that her privacy interest in her disciplinary history was being invaded. Under Gov't Code § 911.2(a), Plaintiff had until July 26, 2023[1], within which to submit a claim, and under Gov't Code § 911.4(b) until January 25, 2024, within which to apply for leave to present a late claim. Plaintiff alleges the claims set forth in the SAC were presented to FUSD in a government tort claim on June 12, 2024, which claim was rejected on July 26, 2024.[2] [SAC at ¶¶ 2, 8.] As of June 12, 2024, Plaintiff's claim was 322 days late in relation to her

---

[1] For purposes of the Government Claims Act, six months means "six calendar months or 182 days, whichever is longer." [*Gonzales v. County of Los Angeles* (1988) 199 Cal.App.3d 601, 604.]

[2] True and correct copies of Plaintiff's Written Claim for Damages and Notice of Rejection of Claim are attached as Exhibits A and B, respectively, to the Declaration of Joshua D. Milton in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint ("JDM Decl."); judicial notice of Exhibits A and B to the JDM Decl. is requested.

3

Garcia v. Fresno Unified School District, et al.
Eastern District of California (Fresno Division) Case No.: 1:25-cv-01096-JLT-SKO
**Memorandum of Points and Authorities in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint [Fed.R.Civ.P. 12(b)(6)]**

invasion of privacy claim, and the time for applying for relief under Gov't Code § 911.4(b) had already expired. Plaintiff is thus time-barred as to that claim, and her Second Cause of Action should be dismissed with prejudice.

### B. Plaintiff's Fifth Cause of Action for Violation of California Constitution Article I, § 31 accrued in 2023 and is time-barred under the Government Claims Act.

Subject to the exceptions enumerated in Cal. Gov't Code §§ 905, 946.4 and 946.6, none of which are relevant here, "no suit for money or damages may be brought against a public entity …until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board…" [Cal. Gov't Code § 945.4.] "A suit for money or damages includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in tort, contract or some other theory." [*Hart v. County of Alameda* (1999) 76 Cal.App.4th 766, 778 (citation and internal quotations omitted).] [See *Howell v. City of Fresno* (E.D.Cal. May 22, 2007, No. CV-F-07-371 OWW/TAG) 2007 U.S.Dist.LEXIS 40169, at *31-36 (motion for leave to file a second amended complaint denied as futile where the plaintiff failed to comply with the Government Claims Act in connection with causes of action for violations of Title VII of the Civil Rights Act of 1964 and California Constitution Article I Section 8).]

The fifth cause of action is based on Plaintiff's January 24-25, 2023, suspension. [SAC at ¶¶ 18, 56.] Under *Burdette*, *supra*, Plaintiff's causes of action based on her suspension accrued on January 24, 2023, the day she was suspended. Under Gov't Code § 911.2(a), Plaintiff had until July 25, 2023, within which to submit a claim (see footnote 1, *supra*), and under Gov't Code § 911.4(b) until January 24, 2024, within which to apply for leave to present a late claim. Plaintiff alleges her claims set forth in the SAC were presented to FUSD in a government tort claim submitted on June 12, 2024, which claim was rejected on July 26, 2024 (see footnote 2, *supra*). [SAC, at ¶¶ 2, 8.] As of June 12, 2024, Plaintiff's claim was 323 days late in relation to her claim under the California Constitution, and the time for applying for relief under Gov't Code § 911.4(b) had already expired. Plaintiff is thus time-barred as to her claim under the California Constitution, and her Fifth Cause of Action should be dismissed with prejudice.

4

Garcia v. Fresno Unified School District, et al.
Eastern District of California (Fresno Division) Case No.: 1:25-cv-01096-JLT-SKO
**Memorandum of Points and Authorities in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint [Fed.R.Civ.P. 12(b)(6)]**

III.     **CONCLUSION.**

Plaintiff's Second and Fifth Causes of Action for Invasion of Privacy and Violation of California Constitution Article I, § 31 should be dismissed with prejudice.

Dated: October 17, 2025.                    BERGER MILTON, INC.


By: _____
Joshua D. Milton, Attorneys for Defendants, FRESNO UNIFIED SCHOOL DISTRICT and WILLIAMS

5

Garcia v. Fresno Unified School District, et al.
Eastern District of California (Fresno Division) Case No.: 1:25-cv-01096-JLT-SKO
**Memorandum of Points and Authorities in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint [Fed.R.Civ.P. 12(b)(6)]**

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF FRESNO
### [CCP § 1013]

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action. My business address is 2147 Herndon Avenue, Suite 103, Clovis, California 93611.

On October 17, 2025, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT FRESNO UNIFIED SCHOOL DISTRICT TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT [Fed.R.Civ.P. 12(b)(6)]** on the interested parties in this action by sending a true copy thereof addressed as follows:

| | |
|---|---|
| Peter Sean Bradley, Esq. | *Attorneys for Plaintiff, NEVAEH GARCIA* |
| Laura Elizabeth Brown, Esq. | |
| BRADLEY & BROWN | |
| 6780 N. West Avenue, Suite 102 | |
| Fresno, California 93711 | |
| (559) 960-5613 – Bradley, Esq. | |
| (559) 862-8633 – Brown, Esq. | |
| petersean@aol.com | |
| laura@lauraebrown.com | |

____ (BY U.S. MAIL) By placing a true copy thereof enclosed in a sealed envelope addressed as set forth above. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully paid at Clovis, California.

✓ (BY EMAIL or ELECTRONIC TRANSMISSION) I caused a PDF copy of the above-mentioned documents to be sent from email address margaretm@bergermilton.com to the persons at the electronic service addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2025, at Clovis, California.

*Margaret Martinez-Micheli*
Margaret Martinez-Micheli

6

Garcia v. Fresno Unified School District, et al.
Eastern District of California (Fresno Division) Case No.: 1:25-cv-01096-JLT-SKO
**Memorandum of Points and Authorities in Support of Motion by Defendant Fresno Unified School District to Dismiss Portions of Plaintiff's Second Amended Complaint [Fed.R.Civ.P. 12(b)(6)]**