1

***BRADLEY & BROWN***
***Attorneys at Law***
6780 N. West Ave.
Suite 102
Fresno, CA 93711

2

3

4

**Peter Sean Bradley, Esq**.
SBN #109258
Tel: (559) 960-5613
petersean@aol.com

5

6

**Laura Elizabeth Brown, Esq**.
SBN #306035
Tel: (559) 862-8633
laura@lauraebrown.com

7

8

*Attorneys for Plaintiff*
*Nevaeh Garcia,*

9

10

11

**UNITED STATES DISTRICT COURT**

12

**EASTERN DISTRICT OF CALIFORNIA**

13

14

15

| | |
|---|---|
| NEVAEH GARCIA, | Case No.: 1:25-cv-01096-JLT-SKO |
| Plaintiffs, | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT [Fed. R. Civ.P. 12(b)(6)] |
| v. | |
| FRESNO UNIFIED SCHOOL DISTRICT, VICE PRINCIPAL WILLIAMS, | |
| Defendants. | Jury Trial Requested |
| | Complaint Filed: January 20, 2025 Removal Date: August 28, 2025 Trial Date: TBD |
| | Judge: Hon. Jennifer L. Thurston Date: November 21, 2025 Time: 9:00 am Courtroom: 4, 7th Floor |

16

17

18

19

20

21

22

23

24

25

_____

26

27

# Contents

I.     **TABLE OF AUTHORITIES** ................................................................. 2

II.   Introduction ................................................................................................. 5

III.  Statement of Pleadings ............................................................................... 5

IV.  Rules on Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) ..................................................................................................6

V.  Legal Arguments ........................................................................................ 8

    A.  Plaintiff's Second Cause of Action for Invasion of Privacy is not time-barred under the Government Claims Act. ...................................................... 8

    B.  Plaintiff's Fifth Cause of Action for Violation of California Constitution, Article 1, §31 is not time-barred under the Government Claims Act. ................................. 12

VI.  Conclusion: ............................................................................................... 14

## I.    TABLE OF AUTHORITIES

**Federal Cases**

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696, 699 ........................................................................................ 6

*DeSoto v. Yellow Freight System, Inc.,*
    957 F.2d 655, 658 ........................................................................................ 7

*Hiland Dairy, Inc. v. Kroger Co.,*
    402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 395 U.S. 961, 23 L. Ed. 2d 748, 89 S. Ct. 2096 (1969). ........................................................................................ 6

*Khachatryan v. Blinken,*
    4 F.4th 841, 854-55 ................................................................................ 7, 8

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

*Maine St. Retire. Sys. v. Countrywide Fin. Corp.*,
   722 F. Supp. 2d 1157, 1162-63 .................................................................... 7, 8

*NL Industries, Inc. v. Kaplan*,
   792 F.2d 896, 898 ................................................................................................... 6

*Russell v. Landrieu*,
   621 F.2d 1037, 1039 ............................................................................................... 6

*Scheibe v. Livwell Prods., Ltd. Liab. Co.*, No. 23-cv-216-MMA (BLM),
   2023 U.S. Dist. LEXIS 117451, at *11-12 (S.D. Cal. July 7, 2023) ................................. 7, 8

*Summit Tech. v. High-Line Med. Instruments Co.*,
   922 F. Supp. 299, 304 ............................................................................................. 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 ........................................................ 7, 8

*Western Mining Council v. Watt*,
   643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031, 70 L. Ed. 2d 474, 102 S. Ct.
   567 (1981) .............................................................................................................. 6

**State Cases**

*Benner v. Industrial Acc. Com.*
   (1945) 26 Cal.2d 346, 349-350 [159 P.2d 24] ................................................... 10, 12

*Bertorelli v. City of Tulare*
   (1986) 180 Cal.App.3d 432, 440 ........................................................................ 9, 10, 12

*Christopher P. v. Mojave Unified School Dist.*
   (1993) 19 Cal.App.4th 165, 170 ........................................................................ 9, 12

*Hill v. Nat'l Collegiate Athletic Ass'n*,
   7 Cal. 4th 1, 35 .................................................................................................. 8

*J.P. v. Carlsbad Unified School Dist.*
   (2014) 232 Cal.App.4th 323, 335 [181 Cal. Rptr. 3d 286] .......................................... 9

*John R. v. Oakland Unified School Dist.*
   (1989) 48 Cal.3d 438, 445 [256 Cal. Rptr. 766, 769 P.2d 948] .................................... 9

*Ortega v. Pajaro Valley Unified School Dist.*
   (1998) 64 Cal.App.4th 1023, 1047 [75 Cal. Rptr. 2d 777] .................................... 9, 10, 13

*Rand v. Andreatta*
   (1964), 60 Cal. 2d 846 .................................................................................... 10, 12

*Rim of the World Unified Sch. Dist. v. Superior Court*,
   104 Cal. App. 4th 1393, 1397 ............................................................................ 8

*Santos v. L.A. Unified Sch. Dist.*,
   17 Cal. App. 5th 1065, 1075-76 ......................................................................... 9

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second
Amended Complaint

*White v. Davis*,
　　(1975) 13 Cal.3d at p. 774 ................................................................................. 8

**State Constitutional Provisions & Statutes**

Government Code § 911.2 ........................................................................................ 6

**State Rules & Regulations**

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................. 6

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 6

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

## II.    INTRODUCTION

In its motion, FUSD seeks to dismiss the Second and Fifth Causes of Action as against Defendant Fresno Unified School District ("FUSD"). The Second Cause of Action is pled against FUSD for Invasion of Privacy. The Fifth Cause of Action is pled against FUSD for Violation of the California Constitution, Article I, §31. In both cases, FUSD argues that the respective causes of action are barred by the Government Claim Act in that alleged injury occurred in 2023 and the government claim was not filed until 2024. However, FUSD ignores the allegations which state that FUSD engaged in conduct that persuaded Plaintiff not to seek legal counsel until after January 2024 and/or that the injuries were either not discovered until January 2024 or occurred in January 2024. Since the filing of the Government Claim occurred within six months of January 2024, the claim was timely.

## III.    STATEMENT OF PLEADINGS

During the 2022-2023 school year, Plaintiff Nevaeh Garcia was a student at Edison High School (Second Amended Complaint ("SAC"), ¶9.) On January 15, 2023, during non-school hours, Garcia made a video asking a question about what she perceived to be a double-standard concerning race. (SAC, ¶10.) When Garcia went to school on January 24, 2023, she was suspended from school. (SAC, ¶14.) On January 25, 2023, Garcia was told that she could not attend percussion practice for two weeks, and from this she learned that her suspension was not being handled confidentially. (SAC, ¶19.)

On January 25, 2023, Garcia and her mother spoke to the school board about the issue. (SAC, ¶20.) Garcia and her mother were told by a school board member who told them that the suspension would be overturned as it was unlawful and against school policy. (SAC, ¶20, p. 5:11-13.)

On January 23, 2024 – the year after the video incident – Garcia learned from a friend that a teacher at Edison High School had identified her by name to his class of students and said

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

that (a) Garcia had gotten into trouble the year before for a video about why she couldn't say the "N word" and (b) the class had gotten into trouble for Garcia's video. (SAC, ¶25.)

In February 2024, Garcia transferred to Bullard High School. (SAC, ¶26.)

At Bullard High School, Garcia learned that her suspension remained on her student personal file despite being told that it would be overturned as illegal. (SAC, ¶27.)

The complaint is framed around the following causes of action:

First Cause of Action. This cause of action alleges that on or about January 23, 2024, a FUSD employee falsely told a class at Edison high school that Plaintiff had posted a video breaching its rules and implying that Garcia was a racist.

Second Cause of Action. This cause of action alleges that on or about January 23, 2023, a FUSD employee shared with a class of Edison high school students that Garcia had engaged in conduct that was deemed to violate its rules.

Third Cause of Action. This cause of action alleges that Garcia was denied due process h respect to her suspension.

Fourth Cause of Action. This cause of action alleges that Garcia suffered retaliation on account of her protected speech.

Fifth Cause of Action. This cause of action alleges that FUSD violated California Constitution, Article I, Section 31 in suspending Plaintiff based on race.

Defendant FUSD has challenged only the Second and Fifth Causes of Action on the grounds that (a) these causes of action required the filing of a government claim within six months of the wrongful action and (b) the government claim with respect to these causes of action was not filed within six months. (Government Code §911.2.)

## IV.    RULES ON MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Rule 12(b)(6) HN2 must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). A Rule 12(b)(6) dismissal is

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

proper only where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

A court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); see also *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (finding that the complaint most be read in the light most favorable to the plaintiff). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031, 70 L. Ed. 2d 474, 102 S. Ct. 567 (1981); *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 395 U.S. 961, 23 L. Ed. 2d 748, 89 S. Ct. 2096 (1969).

Courts are obliged to "read the complaint as a whole . . . rather than isolating allegations and taking them out of context." *Maine St. Retire. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162-63 (C.D. Cal. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)); *Scheibe v. Livwell Prods., Ltd. Liab. Co., No. 23-cv-216-MMA (BLM),* 2023 U.S. Dist. LEXIS 117451, at *11-12 (S.D. Cal. July 7, 2023); See also *Khachatryan v. Blinken*, 4 F.4th 841, 854-55 (9th Cir. 2021)(" Our obligation in reviewing the motion to dismiss is to examine the allegations of the complaint as a whole and to draw all reasonable inferences in favor of [the Plaintiff].).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Summit Tech. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996).

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

## V.   LEGAL ARGUMENTS

### A. PLAINTIFF'S SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY IS NOT TIME-BARRED UNDER THE GOVERNMENT CLAIMS ACT.

Garcia will acknowledge that the date stated in Paragraph 29 of January 23, 2023 is wrong. It is a typo.  The date should be January 23, *2024*, which is the date pled in the following paragraphs:

> 25. On **January 23, 2024**, Garcia received a text from a friend who told her that during class, Edison teacher Mr. Preheim's period, Mr. Preheim explained that because a white girl named "Nevaeh Garcia" had posted a video the previous year about why she couldn't say the "N word." The teacher said that the class had gotten in trouble for it. (SAC, ¶25.)

Likewise

> 29. On or about **January 23, 2024**, an employee of Defendant FUSD falsely told a class of Edison High School students that Plaintiff Garcia had posted a video (a) about not being able to say the "N word" (b) which resulted in a class getting in trouble, (c) that the video had been recorded in the teacher's class and (d) the result of this conduct was the reason the class could not record on their phones.  (SAC, ¶29.)

Consistent with these prior allegations, paragraph 32 alleged:

> 32. On or about **January 23**, 2023, an employee of Defendant FUSD shared with a class of Edison High School students that Plaintiff had engaged in conduct that Edison High School had deemed to violate its rules. This statement disclosed Plaintiff's disciplinary history to individuals who had no need to know this information

The allegations of paragraph 25 were incorporated into the Second Cause of Action. (SAC, ¶31.)  In addition, the allegations of the complaint as a whole provide context for particular allegations. *Maine St. Retire. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162-63 (C.D. Cal. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)); *Scheibe v. Livwell Prods., Ltd. Liab. Co.*, No. 23-cv-216-MMA (BLM), 2023 U.S. Dist. LEXIS 117451, at *11-12 (S.D. Cal. July 7, 2023); See also *Khachatryan v. Blinken*, 4 F.4th 841, 854-55 (9th Cir. 2021)(" Our obligation in reviewing the motion to dismiss is to examine the allegations of the complaint as a whole and to draw all reasonable inferences in favor of [the Plaintiff].).

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

Plaintiff requests that she be permitted to correct the date of January 23, 2023 to read January 23, 2024 consistently with the other paragraphs.

The allegation states a claim for Invasion of Privacy. Informational privacy is the core value furthered by California privacy laws. *White v. Davis*, (1975) 13 Cal.3d at p. 774. "A particular class of information is private when well-established social norms recognize the need to maximize individual control over its dissemination and use to prevent unjustified embarrassment or indignity. Such norms create a threshold reasonable expectation of privacy in the data at issue." *.Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35 (1994) A student has such a reasonable expectation with respect to student discipline. *Rim of the World Unified Sch. Dist. v. Superior Court*, 104 Cal. App. 4th 1393, 1397 (2002).("Student disciplinary records are protected from disclosure as education records.").

In January 2024, Garcia had reasonable expectations that her suspension would not be revealed to people with no legally cognizable interest in learning about the suspension.

It is also true that on January 25, 2023, Garcia learned that a classmate had been told about the suspension. (SAC, ¶19.) This was also an invasion of privacy for the same reasons as the subsequent January 23, 2024 disclosure.

Admittedly, there were more than six months between that event and the filing of the Government Claim on June 12, 2024. (SAC, ¶8.) However, the doctrine of equitable estoppel tolls the running of the claim filing requirement between the time that FUSD told Garcia that the suspension would be overturned and the time she learned that this had not occurred. The court in *Santos v. L.A. Unified Sch. Dist.*, 17 Cal. App. 5th 1065, 1075-76 (2017) explained the doctrine of equitable estoppel as follows:

> "It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act." (*John R. v. Oakland Unified School Dist*. (1989) 48 Cal.3d 438, 445 [256 Cal. Rptr. 766, 769 P.2d 948].) "Estoppel most commonly results from misleading statements about the need for or advisability of a claim … ." (Ibid.) However, "[e]quitable estoppel does not require factually misleading statements." (*J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 335 [181 Cal. Rptr. 3d 286] [noting estoppel may be found where public entity "'engaged in some calculated

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

conduct or made some representation or concealed facts which induced the plaintiff not to file a claim or bring an action within the statutory time'''], quoting *Ortega v. Pajaro Valley Unified School Dist.* (1998) 64 Cal.App.4th 1023, 1047 [75 Cal. Rptr. 2d 777].) "[A]ctual fraud or the intent to mislead is not essential." (*John R.*, supra, 48 Cal.3d at p. 445.)

"Estoppel as a bar to a public entity's assertion of the defense of noncompliance arises when the plaintiff establishes by a preponderance of the evidence: (1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) [the plaintiff] relied upon the conduct to his detriment." *Christopher P. v. Mojave Unified School Dist.* (1993) 19 Cal.App.4th 165, 170; *Santos v. L.A. Unified Sch. Dist.*, 17 Cal. App. 5th 1065, 1076 (2017).

Estoppel may also be invoked where conduct on behalf of the public entity induces a reasonably prudent person to avoid seeking legal advice or commencing litigation. *Bertorelli v. City of Tulare* (1986) 180 Cal.App.3d 432, 440; *Christopher P. v. Mojave Unified Sch. Dist.*, 19 Cal. App. 4th 165, 170 (1993). Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against pleading the statute. *Bertorelli v. City of Tulare*, 180 Cal. App. 3d 432, 440 (1986). Thus, the court in *Bertorelli*, supra, explained:

> [C]onduct on behalf of a public agency, which would induce a reasonably prudent person to avoid seeking legal advice or personally commencing litigation, may estop the public agency from asserting a claims defense: "An estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. [Citation.] To create an equitable estoppel, 'it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss.' [Citation.]" ( *Benner v. Industrial Acc. Com.* (1945) 26 Cal.2d 346, 349-350 [159 P.2d 24].)

In *Bertorelli*, supra, the fact that the plaintiff had been in "continuous discussions" with the adjustor for the City of Tulare on his personal injury claim and had received a payment for his property loss from the City of Tulare, was held to constitute a sufficient inducement to refrain from contacting an attorney to support the finding of equitable estoppel. In *Benner v. Indus. Acci. Com.*, 26 Cal. 2d 346, 349 (1945), repeated requests by the employer and the representative of

the insurance carrier for "more time" to complete their medical investigation constituted conduct on which the claimant had a right to rely and which operated as an estoppel to the plea of the statute of limitations.  In *Rand v. Andreatta* (1964) 60 Cal. 2d 846, plaintiff relied on the county's claim agent's representation that she need not obtain counsel and that all her rights would be protected. In *Ortega v. Pajaro Valley Unified Sch. Dist.*, 64 Cal. App. 4th 1023, 1047 (1998), after reviewing several sexual molestation cases where the Government Claim statute was tolled after parents or child were told not to report the molestation, the court summarized the holdings of these cases:

> These cases have the following in common: In each, the public entity or one of its agents engaged in some calculated conduct or made some representation or concealed facts which induced the plaintiff not to file a claim or bring an action within the statutory time; and in each, the plaintiff acted promptly, almost always within a year, after the public entity's conduct which caused the estoppel ceased.

The significant action of FUSD occurred on January 25, 2023 when Board Member Thomas and administrator at FUSD told Garcia and her mother that FUSD would overturn the suspension because it was unlawful. (SAC, ¶20.)  Garcia believed this statement and believed that FUSD had removed the record of the suspension. (SAC, ¶27.) Subsequent events confirmed this belief, such as the apology of the Vice Principal. (SAC, ¶23.) It was not until after February 13, 2024 that Garcia learned that FUSD had not overturned the suspension but that the suspension remained on her student permanent file, where teachers and administrators at Bullard High School could see it. (SAC, ¶27.) At that time, Garcia promptly obtained legal counsel and filed a Government Claim within six months of learning this information. (SAC, ¶2.)

Thus, FUSD's engaged in conduct or made representations that induced Garcia not to file the Government Claim. Specifically, FUSD said that it would overturn the suspension, which meant that FUSD would remove the suspension from her record, thereby curing the harm to her reputation. FUSD concealed the fact that it had not overturned the suspension. The result was that FUSD induced Garcia to avoid seeking legal advice or commencing litigation. As such, FUSD is estopped from asserting the bar of the Government Claim Act.

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**B. Plaintiff's FIFTH CAUSE of Action for Violation of California Constitution, Article 1, § 31 is not time-barred under the Government Claims Act.**

The Fifth Cause of Action alleges that in January 2023, Garcia's suspension for saying a word that would not have caused a member of a different ethnic group to have been suspended constituted racial discrimination. The facts supporting this cause of action include Garcia's making of a video that asked a question about why different groups were permitted to say words that the other group was not permitted to say (SAC, ¶10), Garcia's suspension from school (SAC, ¶14-16, 18), Garcia's challenge of the suspension in front of the school board (SAC, ¶20), and the promise by a school board member and an FUSD representative that the suspension would be overturned because it  was illegal. (SAC, ¶20, 27.) After February 13, 2024, Garcia discovered that FUSD's had not made good on its promise to overturn the suspension, that her personnel file still showed the record of the suspension, and that the suspension was still being discussed at Edison High School. (SAC, ¶25-27.)

FUSD's motion argues that since the suspension occurred in January 2023, the Government Claim filed in July 2024 is untimely.

This argument would be unquestionably valid if not for (a) the representation of FUSD that it would overturn the suspension and (b) its failure to overturn the suspension.  The representation by FUSD that FUSD would overturn the suspension was a representation that would induce a reasonably prudent person to avoid seeking legal advice or commencing litigation. *Bertorelli v. City of Tulare* (1986) 180 Cal.App.3d 432, 440; *Christopher P. v. Mojave Unified Sch. Dist.*, 19 Cal. App. 4th 165, 170 (1993). Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against pleading the statute. *Bertorelli v. City of Tulare*, 180 Cal. App. 3d 432, 440 (1986). Thus, the court in *Bertorelli*, supra, explained:

> [C]onduct on behalf of a public agency, which would induce a reasonably prudent person to avoid seeking legal advice or personally commencing litigation, may estop the public agency from asserting a claims defense: "An estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. [Citation.] To create an equitable estoppel, 'it is enough if the party has been induced to refrain from using such means or taking such

action as lay in his power, by which he might have retrieved his position and saved himself from loss.' [Citation.]" ( *Benner v. Industrial Acc. Com*. (1945) 26 Cal.2d 346, 349-350 [159 P.2d 24].)

In *Bertorelli*, supra, the fact that the plaintiff had been in "continuous discussions" with the adjustor for the City of Tulare on his personal injury claim and had received a payment for his property loss from the City of Tulare, was held to constitute a sufficient inducement to refrain from contacting an attorney to support the finding of equitable estoppel. In *Benner v. Indus. Acci. Com*., 26 Cal. 2d 346, 349 (1945), repeated requests by the employer and the representative of the insurance carrier for "more time" to complete their medical investigation constituted conduct on which the claimant had a right to rely and which operated as an estoppel to the plea of the statute of limitations.  In *Rand v. Andreatta* (1964) 60 Cal. 2d 846, plaintiff relied on the county's claim agent's representation that she need not obtain counsel and that all her rights would be protected. In *Ortega v. Pajaro Valley Unified Sch. Dist.*, 64 Cal. App. 4th 1023, 1047 (1998), after reviewing several sexual molestation cases where the Government Claim statute was tolled after parents or child were told not to report the molestation, the court summarized the holdings of these cases:

> These cases have the following in common: In each, the public entity or one of its agents engaged in some calculated conduct or made some representation or concealed facts which induced the plaintiff not to file a claim or bring an action within the statutory time; and in each, the plaintiff acted promptly, almost always within a year, after the public entity's conduct which caused the estoppel ceased.

The significant action of FUSD occurred on January 25, 2023 when Board Member Thomas and administrator at FUSD told Garcia and her mother that the suspension would be overturned because it was unlawful. (SAC, ¶20.)  Garcia believed this statement and believed that the suspension had been removed from her record. (SAC, ¶27.) Subsequent events confirmed this belief, such as the apology of the Vice Principal. (SAC, ¶23.) It was not until after February 13, 2024 that Garcia learned that the suspension had not been overturned, that it was still reflected on her student permanent file, where it could be viewed by her new teachers and administrators at Bullard High School. (SAC, ¶27.) At that time, Garcia promptly obtained legal

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

counsel and filed a Government Claim within six months of learning this new information. (SAC, ¶2.)

Thus, FUSD's engaged in conduct that induced Garcia to delay the initiation of her claim. Specifically, FUSD said that it would overturn the suspension, which meant that the suspension would be eliminated from her record, and the actual and potential harm to her reputation would be cured. FUSD concealed the fact that it had not overturned the suspension. The result was that Garcia was induced – as would any reasonably prudent person - to avoid seeking legal advice or commencing litigation. As such, FUSD is estopped from asserting the bar of the Government Claim Act.

In addition, the "delayed discovery doctrine," which applies to Government Claims. *S.M. v. L.A. Unified Sch. Dist., 184 Cal. App. 4th 712, 717* (2010) ("[The Government claim accrual] date may be postponed under the delayed discovery doctrine."); *Martinez v. Cty. of Sonoma*, No. 15-cv-01953-JST, 2015 U.S. Dist. LEXIS 122427, at *10 (N.D. Cal. Sep. 12, 2015). In the present case, Garcia was assured by FUSD that the suspension would be overturned. Garcia was induced to believe that statement was true because of its source, as well as by the Vice Principal's apology. Garcia did not learn that this reliance was misplaced until after she transferred high schools in February 2024. As such the Delayed Discovery Doctrine means that the present cause of action did not accrue until such discovery after mid-February 2024, which makes the Government Claim timely.

## VI.     CONCLUSION:

For the reasons set forth above, Plaintiff respectfully requests that the present motion be denied.


Dates: October 31, 2025                          Bradley & Brown



By:_____
                                                 *Peter Sean Bradley*
                                                 Peter Sean Bradley
                                                 Attorney for Plaintiff

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint

# PROOF OF SERVICE

**State of California County of Fresno**

At the time of service, I was over 18 years of age and not a party to this action. I reside the County of Fresno, State of California. My business address is 6780 N. West, Suite 102, Fresno CA 93711.

On  October 31, 2025, I served true and correct copies of the following documents described as:

Memorandum of Points and Authorities in Opposition to Motion to Dismiss

on the interested parties in this action as follows:

Bruce J. Berger, SBN 133320
Joshua D. Milton, SBN 324982
BERGER MILTON, INC.
2147 Herndon Avenue
Suite 103
Clovis, California 93611
Voice:    (559) 326-7914
FAX:      (559) 533-0428
Email: bruceb@bergermilton.com;
        joshuam@bergermilton.com

*Attorneys for Defendant, FRESNO UNIFIED SCHOOL DISTRICT and VICE PRINCIPAL WILLIAMS*

By CM/ECF NOTICE OF ELECTRONIC Filing: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on  October 31, 2025, at Fresno California.

/s/Peter Sean Bradley
_____
Peter Sean Bradley

Memorandum Of Points and Authorities in Opposition to Motion to Dismiss Portions of Second Amended Complaint