**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVEAH GARCIA, | No.  1:25-cv-01096 JLT EGC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS |
| v. | (Doc. 8) |
| FRESNO UNIFIED SCHOOL DISTRICT, VICE PRINCIPAL WILLIAMS, and DOES 1 through 25, inclusive, | |
| Defendants. | |

### I.    INTRODUCTION

Naveah Garcia brings this action against Defendants Fresno Unified School District ("FUSD"), Edison High School Vice Principal Thomas Williams, and unnamed Doe Defendants for defamation and various civil rights claims.  (Doc. 6.)  FUSD moves to dismiss Plaintiff's second and fifth causes of action for invasion of privacy and violating California Constitution, article I, § 31, respectively, as time barred.  (Doc. 8.)  For the reasons set forth below, the motion is **GRANTED**.

### II.    BACKGROUND

During the 2022–23 school year, Plaintiff was a student at Edison High School in FUSD. (Doc. 6 at ¶¶ 7, 10.)  On January 15, 2023, Plaintiff made and posted a video of herself at home on Instagram.  (*Id.* at ¶ 10.)  In the video, Plaintiff used racial epithets to describe what she

1

perceived to be a double-standard concerning race between her and her classmates. (*Id.*) Plaintiff's video elicited a strong reaction from several of her classmates, and on January 24, 2023, Defendants suspended Plaintiff from school because of the "negative impact [Plaintiff] had on [Edison High School]." (*Id.* at ¶¶ 12–15.) On January 25, 2023, another Edison student informed Plaintiff that Plaintiff could not attend percussion practice for two weeks because of her suspension, which led Plaintiff to believe Defendants were not treating her suspension with confidentiality. (*Id.* at ¶ 19.)

On January 25, 2023, Plaintiff and her mother, Joanna Henry, spoke to the FUSD school board at a school board meeting.[1] (*Id.* at ¶ 20.) During the meeting, FUSD school board member, K. Thomas, informed Plaintiff that she was "batting" for Plaintiff because "her son had experienced something similar and would support [Plaintiff], especially at school." (*Id.*) After the meeting, a FUSD administrator named Gomez escorted Plaintiff and her mother to a private room and told them he would "overturn the suspension as it was unlawful and against school policy." (*Id.*) Board member Thomas then entered the room and reiterated her support for Plaintiff. (*Id.*)

On January 23, 2024, Plaintiff heard from a friend that an Edison High School teacher falsely recounted Plaintiff's video to his class, whereby he identified Plaintiff by name and explained that students were not allowed to record on their phones because of Plaintiff's conduct. (*Id.* at ¶ 25.) On February 13, 2024, Plaintiff transferred to another high school, but there learned that her suspension remained on her permanent file. (*Id.* at ¶¶ 26–27.)

On June 12, 2024, Plaintiff presented a government claim seeking monetary damages to FUSD (the "Government Claim".) (*Id.* at ¶ 8; Doc. 8-2 at 4–8.) FUSD rejected the Government Claim on July 26, 2024. (Docs. 6 at ¶ 8; 8-2 at 10–11.) On January 20, 2025, Plaintiff filed a complaint in Fresno County Superior Court. (Doc. 6 at 1.) Plaintiff removed the case to federal court on August 28, 2025, and filed an amended complaint on October 3, 2025. (Docs. 1, 6.) On

---

[1] It is unclear from Plaintiff's filings if the "matter" or "issue" that Plaintiff and her mother raised before the school board was Plaintiff's suspension, Defendants' breach of confidentiality, or both. (Docs. 6 at ¶ 20; 9 at 5.) Construing the facts in the light most favorable to the non-moving party, the Court assumes for the purposes of this motion that Plaintiff raised both issues.

October 17, 2025, FUSD moved to dismiss Plaintiff's second and fifth causes of action for failure to state a claim.  (Doc. 8.)

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  In deciding a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party."  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The "underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).  However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## IV.    ANALYSIS

### A.    <u>Plaintiff's Second and Fifth Causes of Action are Time-Barred</u>

In her second cause of action, Plaintiff alleges FUSD invaded her privacy when an Edison High School teacher, acting in his official capacity, disclosed Plaintiff's conduct and suspension to a group of students.  (Doc. 6 at ¶¶ 25, 32; *see also* Doc. 9 at 8 (explaining typo in dates.))  Plaintiff also states that she learned FUSD invaded her privacy when a classmate told her on January 25, 2023, that Plaintiff was not allowed to attend percussion practice during her suspension.  (Doc. 9 at 9.)  Plaintiff alleges both disclosures violated Cal. Educ. Code § 49076

3

and 20 U.S.C. § 1232g.  (Docs. 6 at ¶ 32; 9 at 9.)

In her fifth cause of action, Plaintiff alleges FUSD violated California Constitution, article I, § 31, by "suspending Plaintiff for asking a question about why it was acceptable to say derogatory words about one race but not another race."  (Doc. 6 at ¶ 56.)  California Constitution, article I, § 31 provides in relevant part: "[t]he state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting."  Cal. Const., art. I, § 31.  Plaintiff alleges her suspension and FUSD's failure and refusal "to protect Plaintiff from threats and harassment" violated article I, § 31.  (Doc. 6 at ¶ 56.)

"The California Tort Claims Act [Cal. Gov't Code §§ 900 et seq.] requires as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."  *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861, 865 (1983)).  "Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance or the complaint is subject to general demurrer."  *Id.*  The Tort Claims Act provides "[a] claim relating to a cause of action . . . for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."  Cal. Gov't Code § 911.2(a).  "When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim . . . within a reasonable time not to exceed one year after the accrual of the cause of action."  *Id.* at § 911.4(a)–(b).

Plaintiff admits more than six months passed from the suspension and invasion of privacy in January 2023, to when she filed the Government Claim on June 12, 2024, but argues "equitable estoppel tolls the running of the filing requirement [under § 911.2(a)] between the time that FUSD told [Plaintiff] that the suspension would be overturned and the time she learned that this had not occurred."  (Doc. 9 at 9.)  "It is well-settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or

4

deterred the filing of a timely claim by some affirmative act." *Santos v. L.A. Unified Sch. Dist.*, 17 Cal. App. 5th 1065, 1075 (2017) (citation omitted.)  "Estoppel as a bar to a public entity's assertion of the defense of noncompliance arises when the plaintiff establishes by a preponderance of the evidence: (1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) the plaintiff relied upon the conduct to his detriment." *Id.* at 1076 (citation omitted.)  "Estoppel most commonly results from misleading statements about the need for or advisability of a claim." *Id.* at 1075.  However, "[e]quitable estoppel does not require factually misleading statements." *J.P. v. Carlsbad Unified Sch. Dist.*, 232 Cal. App. 4th 323, 335 (2014) (noting estoppel may be found where the public entity "engaged in some calculated conduct or made some representation or concealed facts which induced the plaintiff not to file a claim or bring an action within the statutory time" (citation omitted.))  "In the usual case, estoppel is a question of fact to be resolved by the trier of facts.  However, when 'the facts are undisputed, the existence of an estoppel is a question of law.'" *Bertorelli v. City of Tulare*, 180 Cal.App.3d 432, 440 (1986) (citation omitted.)

Plaintiff alleges her reliance on the promises from Thomas and Gomez to support her and "overturn the suspension" estopped the six-month filing deadline.  (Docs. 6 at ¶ 20; 9 at 11–12.)  However, Plaintiff alleges only that she believed these promises would result in FUSD removing the suspension from her record not that they would cure any harm she suffered from the alleged invasion of privacy or compensate her for FUSD's alleged constitutional violation.  Plaintiff relying on these statements to not seek legal advice or commence litigation to overturn her suspension does not extend to her invasion of privacy or California constitutional claims.

Moreover, Plaintiff cannot claim the delayed discovery doctrine saves her fifth cause of action.  "Under this doctrine, a cause of action does not accrue until the plaintiff discovers, or has reason to discover, the cause of action." *S.M. v. Los Angeles Unified Sch. Dist.*, 184 Cal. App. 4th 712, 717 (2010).  "A plaintiff has reason to discover a cause of action when he or she has reason to at least suspect a factual basis for its elements." *Id.*  Plaintiff suspected that she was discriminated against once she was suspended, not when she learned her suspension remained on

her permanent record. Accordingly, equitable estoppel does not apply, and Plaintiff is time-barred from bringing her second and fifth causes of action.

## V.      CONCLUSION

For the reasons explained above, Defendant's motion to dismiss, Doc. 8, is **GRANTED** with prejudice.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

_____
UNITED STATES DISTRICT JUDGE